UNITED STATES of America, Plaintiff–Appellee,

v.

Michael A. CANNIZZARO, Defendant–Appellant.

No. 87–3165.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 1, 1988.

Decided March 23, 1989.

James M. Hackett, Fairbanks, Alaska, for defendant-appellant.

James L. Swartz, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before KOZINSKI, NOONAN and THOMPSON, Circuit Judges.

KOZINSKI, Circuit Judge:

Michael A. Cannizzaro appeals the district court's denial of his motion to vacate, set aside or correct his sentence. Fed.R. Crim.P. 35(a). Following a plea of guilty, Cannizzaro was sentenced to two concurrent five-year terms for armed robbery and assault in the commission thereof, 18 U.S. C. § 2113(a), (d) (1982 & Supp. IV 1986), and a mandatory five-year consecutive term for use of a firearm in the commission of a felony, *id.* at § 924(c) (Supp. IV 1986), for his role in the April 25, 1986, armed robbery of the First National Bank of Anchorage. He argues that the court erred in imposing consecutive sentences for armed robbery and assault and for use of a firearm in the commission of a felony; that the court failed to make factual findings before ordering restitution under section 5 of the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3664 (Supp. IV 1986); and that imposition of restitution violated the terms of Cannizzaro's plea agreement. We review the legality of a criminal sentence de novo. *United States v. Pomazi*, 851 F.2d 244, 246 (9th Cir.1988).

I

Cannizzaro argues that imposition of consecutive sentences for violations of sections 2113 and 924 violates "congressional intent" and is "illegal." Appellant's Brief at 8. We have held, however, that the district court may impose consecutive sentences for these crimes. *United States v. Blocker*, 802 F.2d 1102, 1103 (9th Cir. 1986). "Both the plain meaning of amended § 924(c) and the legislative history of the amendment indicate that Congress intended those convicted of violating both § 924(c) and § 2113(d) to receive cumulative sentences." *Id.* at 1105; *see also United States v. Gonzalez*, 800 F.2d 895, 898 (9th Cir.1986).

II

Cannizzaro next raises two challenges to the district court's order of restitution under the Victim and Witness Protection Act, 18 U.S.C. §§ 3663–64 (Supp. IV 1986) (VWPA).[1] First, he contends that the district court violated section 3664 by failing to make findings of fact concerning his financial condition and his ability to pay restitution. *Id.* at § 3664(a). Second, Cannizzaro argues that the court failed to determine whether the First National Bank received third party compensation for its unrecovered losses. *Id.* at § 3663(e)(1). We consider these contentions separately.

A. There is no textual support for Cannizzaro's contention that the district court must make findings of fact concerning his financial condition before imposing restitution. Section 3664(a) merely provides that the court "shall consider" a variety of factors, including the defendant's financial resources, financial needs and earning capacity. *See United States v. Grewal*, 825 F.2d 220, 223 (9th Cir.1987); *United States v. Ruffen*, 780 F.2d 1493, 1495 (9th Cir.), *cert. denied*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986); *accord United States v. Purther*, 823 F.2d 965, 969 (6th Cir.1987); *United States v. Atkinson*, 788 F.2d 900, 902 (2d Cir.1986).[2]

---

1. Pursuant to the Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212(a)(1), 98 Stat. 1987 (1984), 18 U.S.C. §§ 3579 and 3580 were renumbered as 18 U.S.C. §§ 3663 and 3664, effective November 1, 1987.

2. This general directive contrasts with another provision of the VWPA which does call for specific findings by the district court. *See* 18 U.S. C. § 3664(d) (factual findings necessary where amount or type of restitution ordered by court is disputed).

There is a material difference between requiring a district court to make findings of fact and requiring it to consider certain factors. Findings of fact can only be made on the basis of a formal adversarial record; the parties must be permitted to present testimonial and documentary evidence; one party or the other must carry the burden of proof as to each contested issue. For example, where the amount or type of restitution is disputed, the government must demonstrate, by a preponderance of the evidence, the loss sustained by the victim; the defendant carries the burden, again by a preponderance of the evidence, of demonstrating his financial resources (or lack thereof), as well as the financial needs of his dependents. 18 U.S.C. § 3664(d).

On the other hand, requiring the district court to consider certain factors grants the court broad discretion to determine the type and amount of evidence it deems relevant. We have no authority to modify the statutory scheme by narrowing that discretion. "The test is whether the district court complied with the applicable [statute]. If the [statute] do[es] not require a detailed explanation of the court's decision, the district court need not volunteer one...." *United States v. Gomez*, 846 F.2d 557, 560 (9th Cir.1988).

Cannizzaro nevertheless argues that we should require that district courts make findings of fact as to each of the section 3664(a) factors in order to assure "meaningful appellate review" of their restitution orders. Appellant's Brief at 10. He relies on decisions of three other circuits which have imposed such a requirement as an exercise of their supervisory authority. *See United States v. Bruchey*, 810 F.2d 456, 459 (4th Cir.1987) ("[w]ithout some findings of fact, we cannot be sure that the district court even considered the possibility of future hardship for the defendant and her children"); *United States v. Hill*, 798 F.2d 402, 406–07 (10th Cir.1986) (requiring district court to create factual record "should appellate review be necessary") (quoting *United States v. Watchman*, 749 F.2d 616, 618 (10th Cir.1984)); *United States v. Palma*, 760 F.2d 475, 480 (3d

Cir.1985) (factual findings necessary "to facilitate meaningful appellate review").

■ We respectfully decline to follow our sister circuits. Appellate courts may not work substantive changes in the law in order to facilitate "meaningful appellate review." The VWPA is a carefully crafted statute containing a variety of procedural and substantive requirements. In passing the Act, Congress intended to encourage use of a streamlined proceeding by requiring the court to order restitution without "unduly complicat[ing] or prolong[ing] the sentencing process." 18 U.S.C. § 3663(d). To impose upon the district court the burdensome and time-consuming process of making factual findings would undermine the statutory scheme as Congress wrote it. An exercise of supervisory authority is not, in our view, appropriate under these circumstances.

Nor are we in agreement with the appellate courts which impose procedural requirements simply to ensure that the district court discharged its statutory responsibilities. "We are not ... aware of any principle of law that requires district courts to couch their ruling so as to give appellants a fair shot at obtaining a reversal." *Gomez*, 846 F.2d at 560. When Congress has directed the district courts to consider certain matters, it would be presumptuous for us to require district judges to make findings simply to ensure they have done what the statute commands. Such "procedural choreography" needlessly burdens our district courts without substantially achieving the legitimate interests of either the victim or the defendant. *See United States v. Balough*, 820 F.2d 1485, 1491 (9th Cir.1987) (Kozinski, J., concurring).

■ The absence of a fact-finding requirement does not, of course, leave the district court free to disregard the statutory requirements. While Congress did not specify how the district court should consider each factor, the record must nonetheless reflect that the district judge had at his disposal information bearing on the considerations enumerated in section 3664. *See Ruffen*, 780 F.2d at 1495; *accord Purther*, 823 F.2d at 969; *United States v.*

*Golomb,* 811 F.2d 787, 791–92 (2d Cir.1987). Here Cannizzaro's presentence report set forth information concerning his financial resources, employment and financial history, and earning capacity, as well as data on the financial condition of his dependents. For example, the report contained an itemized list of Cannizzaro's assets and debts, and an inventory of major assets owned within the past ten years. It also contained data on the victim's losses, as well as other victim impact information. Cannizzaro could have challenged the accuracy of the data in the presentence report, Fed.R.Crim.P. 32(c)(3)(A), but chose not to. The district court made specific reference to that report's findings during Cannizzaro's sentencing hearing. This provides a sufficient basis for concluding that the district court discharged its responsibilities under section 3664.

■ B. Cannizzaro also contends that the restitution order must be set aside because the district court failed to determine whether the First National Bank was compensated for its unrecovered losses. Although the court must determine the extent to which the victim has already been compensated for its losses, 18 U.S.C. § 3663(e)(1), failure to make this determination does not warrant reversal of the restitution order. Remand, rather than reversal, is the appropriate course. Should the court find that the First National Bank received compensation from a third party for its losses, the district court may order Cannizzaro to pay that party directly. *Id.* *See Golomb,* 811 F.2d at 792 (restitution order may be modified to provide for payment directly to party who compensated victim for its losses). We therefore remand the case to the district court to make such a determination and to modify its restitution order if necessary.

### III

■ Finally, Cannizzaro contends that by imposing restitution the district court violated the plea agreement. The plea agreement however, provided for no specific sentence; the government agreed only to argue for a term of imprisonment no greater than ten years. Defense counsel himself said as much, stating that "we could argue for no time on the bank robbery itself." Change of Plea Transcript at 3. Such agreements are authorized by Fed.R.Crim.P. 11(e)(1)(B) and neither bind the court nor state the complete terms of the sentence.

### Conclusion

This judgment of the district court is AFFIRMED; the matter is remanded for further proceedings in accordance with this opinion.