988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Paul ROWE, Defendant-Appellant.
 No. 92-10127.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1993.
Decided Feb. 19, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CR-89-20138-JTN, John T. Noonan, Circuit Judge, Presiding.
 N.D.Cal.
 REVERSED AND REMANDED.
 
 
 1
 Before GOODWIN and FLETCHER, Circuit Judges, and HUFF, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Paul Rowe ("Rowe") pleaded guilty to conspiracy and misapplication of savings and loan funds. In addition to imposing a prison sentence, the district court ordered Rowe to make restitution under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, to the Resolution Trust Corporation in the amount of $500,000. We reverse the restitutionary order and remand for resentencing.
 
 
 4
 * During 1983 and 1984, Rowe, in his capacity as a loan officer, approved $37.9 million in loans from Mercury Savings and Loan ("Mercury") to SMS Builders ("SMS") or to various fictitious partnerships which were designed to evade Mercury's credit limits. The trial judge found that, in return, Daniel G. Sheehan, the owner of SMS, paid Rowe at least $500,000. After Rowe resigned, Mercury investigated the improper loans but decided nonetheless to continue financing the projects. Additional funds were disbursed by Mercury to SMS.
 
 
 5
 The district court found that "[b]ecause of Mercury's accounting procedures and its way of accounting for the loans involved, the loss suffered by Mercury on the loans as to which Sheehan bribed Rowe has not been established." E.R. at 60. The court nevertheless ordered that Rowe make restitution of $500,000 for the loss to Mercury of "the honest services of its agent." Id.
 
 II
 
 6
 We reject, as a preliminary matter, the government's contention that Rowe waived his right to argue that, because Mercury treated the loans as paid, Rowe cannot be ordered to pay restitution. Under United States v. Mondello, 927 F.2d 1463 (9th Cir.1991), an appellant's failure to contest a fine in the district court results in waiver. Id. at 1468. However, in the present case, Rowe contested the imposition of restitution and therefore did not waive his right to argue repayment in support of his position. The production of evidence that Mercury treated the loans as paid is simply a component of Rowe's larger argument that the record contains no basis for the $500,000 valuation of Mercury's loss of his honest services. We turn to the merits.
 
 III
 
 7
 The VWPA provides a court with the power to order that a "defendant make restitution to any victim of the offense." 18 U.S.C. § 3663(a)(1). The kickbacks, or bribes to Rowe, were not connected by proof in the record that a particular loan was under market, unsecured, not repaid, or otherwise resulted in a provable loss to Mercury. It is true that improper inducement caused Rowe to act in a manner that could have caused measurable losses to Mercury. If the prosecution had shown that Mercury was induced by the bribes to make bad loans or below market loans to SMS, the district court would have been able to identify a victim and order restitution to Mercury measured by actual losses to the victim. However, the prosecutor was unable to identify or quantify any losses that Mercury suffered and that were caused by Rowe's taking of bribes.
 
 
 8
 We find that the government failed to prove in the record of this case that Mercury suffered any measurable loss from the defendant's conduct and, therefore, must remand for resentencing. The district court is, of course, free to take further evidence[1] incident to resentencing if the government can produce relevant evidence that Rowe's conduct caused Mercury to make specific loans below market or that were not repaid or were unsecured or undersecured by collateral.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that the district court did not fail properly to consider Rowe's financial status when it ordered restitution. See United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.), cert. denied, 493 U.S. 895 (1989) (record need only "reflect that the district judge had at his disposal information bearing on the considerations enumerated in section 3664")