9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian BARNES, Defendant-Appellant.
 No. 93-10166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Barnes appeals his three-year probationary sentence imposed following entry of a guilty plea to conspiracy to possess and utter counterfeit securities in violation of 18 U.S.C. § 371. Barnes contends that the district court did not consider his ability to pay before imposing restitution in the amount of $37,940.00. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion an order of restitution that falls within the statutory limits of the Victim and Witness Protection Act of 1982 (VWPA). United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993).
 
 
 4
 Under the VWPA, the district court has the authority to impose restitution but must first consider the financial resources, financial needs, and earning ability of the defendant. 18 U.S.C. § 3664(a). The court is not required to make factual findings on the defendant's financial condition before imposing restitution. United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Nonetheless, the record must reflect that the district court had at its disposal information bearing on defendant's ability to pay. Id.; accord Mills, 991 F.2d at 609 ("There must also be some indication that the judge gave thought to the relevant information."). In addition, the amount of restitution must be based on "some evidence" that the defendant will be able to pay the amount when required to do so. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Although indigency does not preclude imposition of restitution, a defendant who has made a good faith effort at payment but is unable to pay the full amount by the conclusion of his sentence may petition the court for an extension of time or for a remittitur. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992); accord United States v. Smith, 944 F.2d 618, 624 (9th Cir.1991) (not determinative that it will be very difficult for defendant to pay full amount within five years of his release), cert. denied, 112 S.Ct. 1515 (1992).
 
 
 5
 Here, the plea agreement specified that Barnes would be jointly and severally liable for the actual loss to the bank in the one count to which Barnes pleaded guilty and set that loss at $37,940.00. The district court read the presentence report which indicated that Barnes had a high school diploma, approximately three years' experience as a bookkeeper, and present employment as a project administrator. Although Barnes had a net worth of negative $1,165.00, his income less living expenses provided a net cash flow of $757.00 a month. Based on these figures, the probation officer concluded that Barnes possessed the ability to pay a fine. The district court also read the defendant's sentencing memorandum which challenged Barnes' ability to pay restitution. In addition, the district court stated that it had not imposed a fine because of the substantial restitution order.
 
 
 6
 Because the district court had information available bearing on Barnes' resources, financial needs, and earning ability and the court's comments reflect that the court gave thought to the appropriateness of restitution, we conclude that the district court discharged its obligations under the VWPA.[1] See Mills, 991 F.2d at 611 (requirements met when district court had access to presentence report and defense counsel's briefs and oral argument on ability to pay); Cannizzaro, 871 F.2d at 812 (reference to information in presentence report discharged district court's statutory obligations).
 
 
 7
 Moreover, the record indicates that Barnes has "some ability" to pay the restitution. He was employed and had an estimated monthly net cash flow of $757.00. Aside from a four-month period of home detention, Barnes did not receive a custodial sentence. Because Barnes was employed and did not receive a custodial sentence, the district court did not abuse its discretion by imposing restitution. See Smith, 944 F.2d at 623-24 (upholding restitution order of $12.8 million within five years after ten-year sentence); United States v. Ruffen, 780 F.2d 1493 (9th Cir.), cert. denied, 479 U.S. 963 (1986) (upholding $50,000.00 restitution order imposed on defendant without steady job or assets); cf. United States v. Newman, Nos. 92-10362, 92-10412, 92-10566, slip op. at 10921 (9th Cir. Sept. 28, 1993) (no possibility defendant who worked part-time could pay $55,173.00 in restitution within three years when presentence report stated defendant did not appear to have the ability to pay a fine). Although Barnes' conviction may impact his ability to sustain employment and it may be very difficult for him to pay the full amount within three years, if Barnes makes a good faith effort at payment he may petition the district court for a remittitur at the conclusion of his probation. See Jackson, 982 F.2d at 1284-85; Smith, 944 F.2d at 624.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Barnes relies on the district court's statement that "I don't believe I have to make that kind of finding on restitution" as establishing that the district court failed to consider Barnes' ability to pay. When read in context, however, the district court's statement accurately states the rule that the sentencing court does not have to make findings of fact on the defendant's financial condition. See Cannizzaro, 871 F.2d at 811 ("There is a material difference between requiring a district court to make findings of fact and requiring it to consider certain factors.")