24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Eugene HADNOT, Defendant-Appellant.
 No. 93-50687.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald Eugene Hadnot appeals the restitution component of his sentence imposed following entry of a guilty plea to theft of goods stolen from a foreign or interstate shipment of freight in violation of 18 U.S.C. Sec. 659. Hadnot contends that the district court did not consider his ability to pay before imposing restitution in the amount of $20,000. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review for abuse of discretion an order of restitution that falls within the statutory limits of the Victim and Witness Protection Act of 1982 (VWPA). United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993).
 
 
 4
 Under the VWPA, the district court has the authority to impose restitution but must first consider the financial resources, financial needs, and earning ability of the defendant. 18 U.S.C. Sec. 3664(a). The court is not required to make factual findings on the defendant's financial condition before imposing restitution. United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Nonetheless, the record must reflect that the district court had at its disposal information bearing on defendant's ability to pay. Id. In addition, the amount of restitution must be based on "some evidence" that the defendant will be able to pay the amount when required to do so. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Although indigency does not preclude imposition of restitution, a defendant who has made a good faith effort at payment but is unable to pay the full amount by the conclusion of his sentence may petition the court for an extension of time or for a remittitur. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 5
 Here, the presentence report ("PSR") indicated that Hadnot was liable for the actual loss to Candela Jewelry, Inc. in the one count to which Hadnot pleaded guilty and set that loss at $35,294.00. The PSR valued Hadnot's total assets at $15,000. and his net worth at $11,000. The PSR also indicated that Hadnot is the sole provider for his wife and three dependents, and that because of a back disability between August 1992 and July 1993, Hadnot was reported to have a negative net monthly cash flow at the time of sentencing. Given these circumstances, the probation officer noted that Hadnot would have difficulty paying restitution.
 
 
 6
 The court specifically considered the information in the presentence report and Hadnot's future ability to pay restitution. The court noted that it expected Hadnot to be "able to find employment and maintain employment, though this activity on [his] part will probably reduce that ability some because it will be difficult in areas where a fiduciary obligation might rest." Moreover, the court did not impose a fine because it concluded that Hadnot "did not have the funds available to pay an additional fine."
 
 
 7
 Because the district court had information available bearing on Hadnot's resources, financial needs, and earning ability and the court's comments reflect that the court gave thought to the appropriateness of restitution, we conclude that the district court discharged its obligations under the VWPA. See Mills, 991 F.2d at 611; Cannizzaro, 871 F.2d at 812 (reference to information in presentence report discharged district court's statutory obligations).
 
 
 8
 Moreover, given that Hadnot failed to submit any evidence indicating that he would be unable to secure future employment, the district court did not abuse its discretion by imposing restitution. See 18 U.S.C. Sec. 3664(d) (burden on the defendant to show financial resources and needs). Although Hadnot's conviction may impact his ability to sustain employment and it may be very difficult for him to pay the full amount within three years, if Hadnot makes a good faith effort at payment he may petition the district court for a remittitur at the conclusion of his probation. See Jackson, 982 F.2d at 1284-85.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3