29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Joseph McGUIRK, Defendant-Appellant.
 No. 93-50680.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided June 8, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Charles Joseph McGuirk appeals that part of his sentence requiring payment of restitution for violating 18 USC Sec. 1341 (mail fraud) and 26 USC Sec. 7206(1) (subscribing to a false tax return). In his appeal McGuirk claims that the district court erred in ordering McGuirk to repay $56,090 in restitution to his former employer.
 
 I.
 
 4
 In November 1986, McGuirk was hired by Diamond Benefits Life Insurance Company ("DBLIC") to be their Director of Marketing.[1] In 1988 McGuirk devised a scheme wherein when DBLIC sold a block of business, to Ruben Helm Insurance Services ("RHIS"), and RHIS paid royalties to Diamond Benefits Insurance ("DBI"), a business controlled by McGuirk. McGuirk oversaw these royalty payments, intercepted them, and deposited the funds into a bank account for his own use. These payments totaled $56,090.
 
 
 5
 On September 22, 1988, the chairman of RHIS recorded a telephone conversation with McGuirk in which McGuirk stated that DBLIC would not act as a fronting carrier for RHIS unless DBLIC's president were paid a $50,000 bribe. RHIS followed McGuirk's instructions and delivered a $50,000 cashier's check the following day payable to another business controlled by McGuirk. In return, McGuirk sent a letter purporting to be signed by DBLIC's president committing that company to act as the fronting carrier. In fact, DBLIC never agreed to act as the fronting carrier.
 
 
 6
 Pursuant to a plea agreement, McGuirk pleaded guilty on May 5, 1993 to four counts of mail fraud in violation of 18 U.S.C. Sec. 1341 and one count of subscribing to a false income tax return in violation of 26 U.S.C. Sec. 7206(1). The government and McGuirk filed memorandums for the court's consideration at sentencing.
 
 
 7
 The district court sentenced McGuirk on September 20, 1993. The court found that McGuirk had diverted $56,090 from his employer, DBLIC, and that he owed that amount in restitution. The court also found that McGuirk should pay $9,653 to the IRS for the tax owed for subscribing to false tax returns. McGuirk was sentenced to serve eighteen months in custody, the top of the sentencing guideline range.
 
 
 8
 McGuirk contended at sentencing and on appeal that he was authorized to receive the $56,090 as commissions. This position is contrary to DBLIC's president at the time of the offense. DBLIC has since gone out of business.
 
 A.
 
 9
 A restitution order is reviewed for abuse of discretion provided it is within the bounds of the statutory framework of the Victim Witness Protection Act ("VWPA"). United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). "Findings of fact upon which a sentence is based are reviewed under the clearly erroneous standard." United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). To reverse or vacate, the facts and the record must create "the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors." United States v. Roston, 986 F.2d 1287, 1291 (9th Cir.), (internal quotations and citation omitted) cert. denied, 114 S.Ct. 206 (1993).
 
 
 10
 At sentencing McGuirk argued that no restitution was owed to DBLIC because he was entitled to the $56,090 received through DBI. McGuirk contends on appeal that he is still entitled to the $56,090 and that the former president of DBLIC, Colleen Crommet, authorized payment of the commissions to DBI in a letter dated May 17, 1988. President Crommet denies knowing that DBI even existed and testified that if she ever signed a letter stating otherwise it must have been inadvertent.
 
 
 11
 The probation officer who wrote the presentence report commented on the similarity of the names Diamond Benefits Life Insurance Company, DBLIC, and Diamond Benefits Insurance, DBI, a company of McGuirk's creation. The probation officer concluded that "defendant's establishment and use of DBI was clearly an effort to use a name similar to DBLIC's in order to divert these funds." The district court also examined McGuirk's Conflict of Interest Statement in light of the $56,090 and stated that, "[h]e can't take that, under his employment agreement." The receipt of $56,090, whether authorized by Crommet or not, violates the terms of his employment agreement with DBLIC. We find no error on the part of the district court.
 
 B.
 
 12
 We review for abuse of discretion an order of restitution under the VWPA. Mills, 991 F.2d at 611.
 
 
 13
 Under the VWPA, the district court has the authority to impose restitution but must first consider the financial resources, financial needs, and earning ability of the defendant. 18 U.S.C. Sec. 3644(a). The court is not required to make factual findings on the defendant's financial condition before imposing restitution. United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Nevertheless, the record must reflect that the district court had at its disposal information bearing on the defendant's ability to pay. Id. at 811. Additionally, the amount of restitution must be based on "some evidence" that the defendant will be able to pay the amount when required to do so. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Although indigency does not preclude imposition of restitution, a defendant who has made a good faith effort at payment but is unable to pay the full amount by the conclusion of sentence may petition the court for an extension of time or for remittitur. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 14
 The presentence report provided adequate information for the district court to conclude that McGuirk had the ability to pay restitution. Indeed according to the presentence report, McGuirk recently earned $72,000 a year. The court was also impressed with McGuirk's business career and stated, "Mr. McGuirk is obviously a skilled business man and he'll be back out there making a decent living in some form or other. It may not be in the insurance business but he's going to be able to pay restitution." (Supp.E.R. at 49). Because the district court had information available bearing on McGuirk's resources, financial needs, and earning ability, and because the court's comments reflect that the court gave thought to the appropriateness of restitution, we conclude the court discharged its duties under the VWPA. See, Mills, 991 F.2d at 611-12 (requirements met when district court had access to presentence report and defense counsel's briefs and oral argument on ability to pay).
 
 
 15
 Although McGuirk's conviction and the revocation of his insurance license may make it difficult for him to repay the full amount, if McGuirk makes a good faith effort at payment he may petition the district court for a remittitur at the conclusion of his probation. See, Jackson, 982 F.2d at 1284-85. This is precisely what the district court suggested McGuirk do. We conclude that the district court did not abuse its discretion by ordering McGuirk to pay restitution.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3