28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Swinton PHILLIP, Defendant-Appellant.
 No. 93-50675.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Swinton Phillip appeals his pre-United States Sentencing Guidelines sentence imposed following entry of a guilty plea to misapplication of bank funds in violation of 18 U.S.C. Sec. 656. Phillip contends the district court erred by ordering him to pay $134,411.25 in restitution because he does not have the ability to pay the restitution. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion an order of restitution that falls within the statutory limits of the Victim and Witness Protection Act of 1982, 18 U.S.C. Secs. 3663-64 (VWPA). United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). We review for clear error the factual findings underlying the district court's restitution decisions. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992).
 
 
 4
 Under the VWPA, the district court has the authority to impose restitution but must first consider the financial resources, financial needs, and earning ability of the defendant. 18 U.S.C. Sec. 3664(a). The court is not required to make factual findings on the defendant's financial condition before imposing restitution. United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Nonetheless, the record must reflect that the district court had at its disposal information bearing on defendant's ability to pay. Id.; accord Mills, 991 F.2d at 611 ("There must also be some indication that the judge gave thought to the relevant information."). In addition, the amount of restitution must be based on "some evidence" that the defendant will be able to pay the amount when required to do so. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Although indigency or present inability to pay does not preclude imposition of restitution, a defendant who has made a good faith effort at payment but is unable to pay the full amount by the conclusion of his sentence may petition the court for an extension of time or for a remittitur. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992); accord Smith, 944 F.2d at 624 (not determinative that it will be very difficult for defendant to pay full amount within five years of his release).
 
 
 5
 The district court had before it information on Phillip's previous earnings record, as well as information regarding his current family responsibilities, earnings, assets and liabilities. In evaluating this information, the district court found that, although it might be unlikely that Phillip could pay the entire amount of restitution, it was possible that he could do so.
 
 
 6
 On the record before us, we cannot say that the district court clearly erred when it found that Phillip might be able to pay the restitution imposed. See Smith, 944 F.2d at 624. Accordingly, the district court did not abuse its discretion when ordering Phillip to pay the restitution in this case. See Mills, 991 F.2d at 612.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3