42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anita PRASAD, Defendant-Appellant.
 No. 94-10142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anita Prasad appeals the restitution component of her sentence imposed following entry of a guilty plea to mail fraud and wire fraud in violation of 18 U.S.C. Secs. 1341 and 1343. Prasad contends that the district court did not consider her financial resources, financial needs, earning ability, and dependents before imposing restitution of $158,941.79.[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion a restitution order that falls within the statutory limits of the Victim and Witness Protection Act of 1982, 18 U.S.C. Secs. 3663-64 ("VWPA"). United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). We review for clear error the factual findings underlying the district court's restitution decisions. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992).
 
 
 4
 Under the VWPA, the district court must consider the financial resources, financial needs, earning ability, and the dependents of the defendant when determining the restitution amount. 18 U.S.C. Sec. 3664(a). However, the district court need not make factual findings on these factors or discuss them on the record, as long as the record reflects " 'that the district judge had at his disposal information bearing on the considerations enumerated in section 3664.' " Mills, 991 F.2d at 611 (quoting United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.) (reference to information in a presentence report provides a sufficient basis for concluding that the district court discharged its responsibilities under Sec. 3664), cert. denied, 493 U.S. 895 (1989)). Additionally, the amount of restitution must be based on "some evidence" of the defendant's future ability to pay the required amount. United States v. Bachsian, 4 F.3d 796, 800 (9th Cir.1993) (citing United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993)), cert. denied, 114 S.Ct. 901 (1994). However, defendant's present indigence does not preclude a restitution order. Smith, 944 F.2d at 623.
 
 
 5
 Here, the presentence report contained information on Prasad's employment history, educational background, financial status, and family responsibilities. The district court considered this and other relevant information[2] and concluded that the restitution order was "entirely appropriate" and would not put Prasad "under unreasonable restraints to make impossible for [her to head her life in the right direction] and to take care of [her] family." Moreover, the district court did not impose a fine because of Prasad's inability to pay both a fine and restitution. Thus, the district court gave thought to Prasad's financial resources, financial needs, and earning ability and did not abuse its discretion in issuing the restitution order. See Mills, 991 F.2d at 611; Cannizzaro, 871 F.2d at 811-12.
 
 
 6
 The district court determined Prasad had future income earning ability. This determination is not clearly erroneous because Prasad had previously operated her own business and held a supervisory position. See Smith, 944 F.2d at 623-24. Although Prasad had no current assets[3] or income, this is not determinative in ordering payment of restitution. S ee id. at 624.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prasad's husband, a codefendant in the case, is jointly and severally liable for the amount
 
 
 [2]
 For instance, the district court considered that Mr. Prasad, the defendant's husband, was also sentenced
 
 
 [3]
 It is unclear whether Prasad's previous attorney in Canada still retained any of her assets