37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Edward BROWN, Jr., Defendant-Appellant.
 No. 93-5617.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 6, 1994.
Decided: October 17, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-87-111-G, CR-87-112-G, CR-87-113-G, CR-87-114-G)
 James W. Swindell, High Point, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lawrence Edward Brown, Jr., was convicted on four counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a) (West Supp.1994) in 1987. He was sentenced to a total of thirty years imprisonment[1] and ordered to pay restitution. Brown moved in May 1992 to vacate or stay the order of restitution entered at the time of his sentencing. The district court denied the motion and Brown appealed to this Court.[2] This Court found that the record did not reveal whether the required findings of fact regarding Brown's financial resources or earning ability were made at the time of sentencing. Thus, this Court remanded the case to the district court to first determine whether the required factual findings were made and, if not, to make such findings. United States v. Brown, No. 92-6764 (4th Cir. Nov. 9, 1992) (unpublished).
 
 
 2
 Brown was appointed counsel, and he requested the sentencing court to, among other things, determine if each bank had been or would be compensated for its loss through insurance. The district court held a sentencing hearing at which it determined Brown's financial resources. The court then issued a resentencing order that struck the previous restitution order from the judgments. The court ordered Brown to continue to make restitution while incarcerated and to make restitution on a periodic basis in the amount of $200 per month upon his release and subsequent employment. Brown appealed the resentencing order to this Court.
 
 
 3
 On appeal, Brown's counsel filed a brief on behalf of Brown pursuant to Anders v. California, 386 U.S. 738 (1967), requesting permission to withdraw from representing Brown. The sole issue raised was whether the district court committed reversible error in resentencing Brown to make restitution on a periodic basis in the amount of $200 per month while on parole or other form of supervised release. In support, Brown's counsel contends that before the court ordered Brown to pay any restitution, the Government should have shown that the victim banks did not or would not receive compensation for their loses through their insurance.
 
 
 4
 Title 18 U.S.C. Sec. 3663(e)(1) (1988) provides in pertinent part:
 
 
 5
 The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation. An order of restitution shall require that all restitution to victims under such order be made before any restitution to any other person under such order is made.
 
 
 6
 See United States v. Bruchey, 810 F.2d 456 (4th Cir.1987) (interpreting 18 U.S.C. Sec. 3579(e)(1) (1988), an identical provision, and stating that a district court should make a specific inquiry, and offer findings of fact, to insure compliance with this statute).
 
 
 7
 The record does not show that the district court determined whether the victim banks were or would be compensated for their losses through insurance. Consequently, the court did not specify whether Brown is required to make restitution to a third party who may have compensated the victim banks. Because the district court cannot modify the judgment at this stage except on remand, see Fed.R.Crim.P. 35, we vacate the sentence and remand the case for the limited purpose of allowing the district court to comply with Sec. 3663(e)(1). See United States v. Cannizzaro, 871 F.2d 809, 812 (9th Cir.1989); Bruchey, 810 F.2d at 459.
 
 
 8
 We decline counsel's request to withdraw from representation of Appellant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The sentencing court imposed four fifteen-year sentences. The sentences for counts one and two were imposed concurrently to each other, as were the sentences for counts three and four. Furthermore, the sentences for counts three and four were imposed consecutive to the sentences for counts one and two
 
 
 [2]
 Brown filed a duplicate motion in August 1992 which was also denied by the district court