67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Lee HODGE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Lee HODGE, aka Johnny Hasson Mitchell; Jonathan
Johnny Derret; Johnny Morgan, Defendant-Appellant.
 Nos. 95-10052, 95-10079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Lee Hodge appeals the restitution component of his sentence imposed following entry of a guilty plea to conspiracy to defraud the United States in violation of 18 U.S.C. Sec. 286, and being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Hodge contends that the district court erred by imposing restitution in the amount of $9,490 because there was no evidence he has any future earning ability. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion an order of restitution that falls within the statutory limits of the Victim and Witness Protection Act of 1982 ("VWPA"). United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). We review for clear error the factual findings underlying the district court's restitution decision. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 503 U.S. 951 (1992).
 
 
 4
 Under the VWPA, the district court has the authority to impose restitution but must first consider the financial resources, financial needs, and earning ability of the defendant. 18 U.S.C. Sec. 3664(a). The court is not required to make factual findings on the defendant's financial condition before imposing restitution. United States v. Cannizzaro, 871 F.2d 809, 810-11 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Nonetheless, the record must reflect that the district court had at its disposal information bearing on defendant's ability to pay. Id. at 811. In addition, the amount of restitution must be based on "some evidence" that the defendant will be able to pay the amount when required to do so. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Although indigency does not preclude imposition of restitution, a defendant who has made a good faith effort at payment but is unable to pay the full amount by the conclusion of his sentence may petition the court for an extension of time or for a remittitur. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 5
 Here, the presentence report ("PSR") contained information on Hodge's employment history, educational background, financial status, and family responsibilities. The PSR also contained information that Hodge was in possession of $1,873 at the time of his arrest, that he would be earning money while in prison, and that although he had been treated for mental illness, his crimes revealed a logical, rational person.
 
 
 6
 The district court considered this information and noted that Hodge will receive credit for any amount paid toward restitution by his codefendants. Moreover, the district court did not impose a fine because of Hodge's inability to pay both a fine and restitution.
 
 
 7
 On the record before us, we cannot say that the district court clearly erred by finding that Hodge might be able to pay the restitution imposed. See Smith, 944 F.2d at 624. Moreover, given that Hodge failed to submit any evidence indicating that he would be unable to secure future employment, the district court did not abuse its discretion by imposing restitution. See 18 U.S.C. Sec. 3664(d) (burden on defendant to show financial resources and needs). Although Hodge's conviction may impact his ability to sustain employment and he may not be able to pay the full amount, if Hodge makes a good faith effort at payment he may petition the district court for a remittitur at the conclusion of his probation. See Jackson, 982 F.2d at 1284-85.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3