73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Jerome WHITE, Defendant-Appellant.
 No. 95-10206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1995.*
Decided Dec. 22, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Jerome White pleaded guilty to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). The district court sentenced him to seven years in prison and three years of supervised release, and ordered him to pay $8,000 in restitution. White appeals the restitution order, contending that it constitutes an abuse of discretion because there was no evidence of White's ability to pay. The district court had jurisdiction under 18 U.S.C. Sec. 3231, and we have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the judgment of the district court.
 
 I.
 FACTS
 
 3
 White pleaded guilty to one count of bank robbery in November 1994, and was sentenced in April 1995. At sentencing, the district court adopted the findings of the presentence report. This report indicated that White was a 37-year-old single man with no dependents, no debts, no assets, and a high school diploma. He had worked sporadically at a variety of jobs earning an average wage of $5 per hour. From December 1993 to February 1994, White received food stamps and was probably homeless. With regard to White's ability to pay, the presentence report stated "it appears that he is not able to pay a fine ... in addition to restitution." Thus, although under the U.S. Sentencing Guidelines White was subject to a fine ranging from $7,500 to $75,000, the court did not impose a fine. After initially proposing restitution in the amount of $11,350, the amount White took from the bank, the court reduced the amount in response to defense counsel's concern about White's ability to pay the higher amount.
 
 II.
 DISCUSSION
 
 4
 Because restitution in this case is authorized by statute, we review the order for an abuse of discretion. United States v. Bachsian, 4 F.3d 796, 798 (9th Cir.1993), cert. denied, 114 S.Ct. 901 (1994).
 
 
 5
 Before imposing restitution, the district court "shall" consider the amount of the loss sustained by any victim as a result of the offense; the financial resources of the defendant; the financial needs and earning ability of the defendant and the defendant's dependents; and such other factors as the court deems appropriate. 18 U.S.C. Sec. 3664(a). However, the district court is not required to make factual findings as to any of these factors, United States v. Miguel, 49 F.3d 505, 511 (9th Cir.), cert. denied, 115 S.Ct. 2628 (1995); rather, the record must reflect that the judge had information bearing on the factors, United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.), cert. denied, 493 U.S. 895 (1989), and "that the judge gave thought to the relevant information," United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). Neither indigence nor a present inability to pay preclude the imposition of restitution provided there is " 'some evidence' " that the defendant " 'may be able to pay restitution in the amount ordered in the future.' " Miguel, 49 F.3d at 511 (quoting United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993)).
 
 
 6
 The record shows that before imposing restitution, the district court "gave thought to the relevant information." See Mills, 991 F.2d at 611. The district court considered and adopted the findings in the presentence report, a practice approved of in this court. See Cannizzaro, 871 F.2d at 812; Mills, 991 F.2d at 612.
 
 
 7
 That report shows that White has the potential to secure employment at $5 per hour during his supervised release, as well as to earn some nominal income while incarcerated. Because these facts constitute " 'some evidence that [White] may be able to pay restitution in the amount ordered in the future,' " the district court did not abuse its discretion when it ordered White to pay $8,000 in restitution. See Miguel, 49 F.3d at 511.[1]
 
 
 8
 Finally, if at the end of his term of supervised release White is unable to pay the full amount of restitution despite a good faith effort to do so, he may petition the court for an extension of time or for a remittitur. See United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 9
 White also contends that the district court made inconsistent findings when it waived any fine but ordered restitution. This contention is without merit, as restitution has priority over the payment of a fine. See 18 U.S.C. Sec. 3572(b) (if the defendant is required to pay restitution, the district court shall impose a fine only to the extent that it can do so without impairing the defendant's ability to make restitution); U.S.S.G. Sec. 5E1.1(c) (payments applied first toward restitution, then toward any fine imposed). Therefore, the district court did not abuse its discretion in ordering restitution but declining to impose a fine.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Miguel, a factually similar case, this court upheld a restitution order in excess of $22,000, payable over five years. Miguel, a high school graduate, had worked in several industries for approximately six years with some periods of unemployment. Miguel, 49 F.3d at 511. Here, White too has worked sporadically in relatively low-paying employment and has a high school diploma; moreover, he has no dependents, and has been ordered to pay only $8,000 over ten years. By contrast, White's reliance on Ramilo is misplaced. In Ramilo, this court vacated an order of restitution after concluding that the record did not support a finding of ability to pay more than $450,000 in restitution over three years of supervised release. Ramilo's average income, prior to his arrest, was $30,000 per year; he was married with six children; and he faced eventual deportation. Ramilo, 986 F.2d at 336-37