103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Anthony AMAREL, Defendant-Appellant.
 No. 95-10420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 15, 1996.
Decided Dec. 06, 1996.
 
 1
 Before: WIGGINS, TROTT, Circuit Judges, VANCE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Melvin Anthony Amarel pleaded guilty to one count of conversion of government property, 15 U.S.C. § 714m(c), and one count of making a false statement, 15 U.S.C. § 714m(a), and was sentenced to 18 months imprisonment and three years of supervised release. In exchange, he agreed in his plea agreement to pay the government $505,704.81 in restitution. Thus, in sentencing Amarel, the court ordered Amarel to pay a $150,000 fine payable during the period of supervised release, a $100 special assessment payable immediately and $305,704.81 in restitution, the remaining balance owed under his plea agreement. The restitution payment contained no time limitation.
 
 
 4
 After serving his 18 month sentence, Amarel's supervised release was revoked, due to several violations of his terms of release, and he was sentenced to serve 10 months in prison. In his sentencing memorandum, Amarel requested that the district court remit the $150,000 fine and the $229,770.25 remaining balance of his restitution payment. The court remitted the fine, but denied Amarel's request to remit the balance owed on the restitution. Amarel appeals this decision, and, for the following reasons, we AFFIRM.
 
 DISCUSSION
 
 5
 We review for abuse of discretion orders of restitution that fall within the statutory limits of the Victim and Witness Protection Act ("VWPA"). U.S. v. Rice, 38 F.3d 1436, 1540 (9th Cir.1994); U.S. v. Mills, 991 F.2d 609, 611 (9th Cir.1993). Findings of fact underlying restitution orders are reviewed for clear error. U.S. v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 503 U.S. 951 (1992).
 
 
 6
 Under the VWPA, the district court has the authority to impose restitution for any crime pursuant to a plea agreement, after the court considers the financial resources, financial needs and earning ability of the defendant. 18 U.S.C. §§ 3663(a)(3), 3664(a). The court is not required to make factual findings regarding the defendant's financial condition; the record must reflect, however, that the court had information at its disposal bearing on the defendant's ability to pay. See U.S. v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989). Although the judge need not discuss the factors on the record, "[t]here must be [ ] some indication that the judge gave thought to the relevant information." Mills, 991 F.2d at 609.
 
 
 7
 In addition, the amount of restitution must be based upon "some evidence" in the record that the defendant will be able to pay the restitution amount. U.S. v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). The court may impose restitution on an indigent defendant "because the defendant's future financial status is indeterminable and could change." U.S. v. Jackson, 982 F.2d 1279, 1284 (9th Cir.1992) (citing U.S. v. Smith, 944 F.2d 618, 623 (9th Cir.1991)). If, however, at the end of his sentence, "the defendant demonstrates that he has made a good-faith effort at payment, but is unable to pay the full amount, he may petition the court for an extension of time or for a remittitur. Id. at 1284-85; see also Smith, 944 F.2d at 624 ("[I]f Smith has not paid the full amount at the end of the five-year period but can demonstrate that he has made a diligent, good faith effort to do so, he may petition the district court at that time for either an extension of time period for payment or a remittitur.")
 
 
 8
 Here, Amarel concedes that the district court had the authority and factual basis for accepting his plea agreement and ordering him to pay restitution in accord with the agreement. He claims, however, that the court erred in denying his request to remit the outstanding balance of restitution, because the court failed to consider his good faith efforts to pay the restitution and his lack of the financial resources to pay the balance.
 
 
 9
 We disagree. The district court plainly considered the information concerning Amarel's financial resources and his alleged good faith efforts to pay. See Mills, 991 F.2d at 611 (requirements met when district court had access to presentence report and defense counsel's briefs and oral argument on ability to pay); Cannizzaro, 871 F.2d at 812 (district court's reference to information in presentence report discharged its statutory obligations to consider defendant's financial situation).
 
 
 10
 Moreover, there is "some evidence" in the record to indicate that Amarel has some ability to pay the restitution in the future and has not made a good faith effort to comply with his restitution obligations.[1] Despite Amarel's bankruptcy filing, he has demonstrated an ability to earn a living and to pay $200 restitution payments sporadically during his period of supervised release. Moreover, Amarel argued that he should not have his supervised release revoked or that he should serve his sentence in a community center so that he could continue to make restitution payments. Thus, there is "some evidence" that Amarel will be able to pay restitution once he completes his sentence. See Smith, 944 F.2d at 623 (upholding order requiring $12 million in restitution within 5 years of release from custody where defendant did not currently possess significant assets but had demonstrated the ability to accumulate assets in the amount of the restitution order).
 
 CONCLUSION
 
 11
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 Hon. Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For an example, the Presentencing Memorandum states that Amarel's monthly restitution payments were somewhat sporadic. In addition, when Amarel pledged his ownership interest in the High Prairie Duck Club to the government, he stated in an affidavit that his share in the Club had no liens, despite the fact that two lienholders were later discovered. Further, Amarel failed to notify his probation officer of the sale of $7,500 of equipment until after he spent the funds, despite the fact that Amarel had been told that some of that sum should go toward restitution. Finally, the probation violations themselves (the failure to close credit card accounts as instructed by the probation officer and the incurring of new debts without the permission of the probation officer) also indicate Amarel's lack of a good faith effort to pay restitution