**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rosalva Torres RODRIGUEZ,**
**Defendant–Appellant.**

No. 00–50449.

D.C. No. CR–99–2962–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2001 *.

Decided June 28, 2001.

Before KOZINSKI and THOMAS, Circuit Judges, and WHYTE,** District Judge.

MEMORANDUM ***

■ A rational trier of fact could have found based on the evidence at trial that Rodriguez committed mail fraud and conspired to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 371. Takeuchi's testimony was sufficient to establish that it was Sanyo's ordinary custom to send checks to its vendors through the U.S. mail. Further, the evidence was sufficient to allow a rational jury to conclude that use of the mails was reasonably foreseeable, where Rodriguez submitted invoices to, and received checks from, a company located hours away from her business. *See Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 362–63, 98 L.Ed. 435 (1954).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

The court's restitution order does not constitute plain error. The Presentence Report indicates that the probation officer did in fact contact a Sanyo representative and also contains information about Rodriguez's family situation, education, business concerns and financial condition, indicating that the court "had at [its] disposal information bearing on the considerations enumerated in section 3664." *United States v. Mills,* 991 F.2d 609, 611 (9th Cir.1993) (quoting *United States v. Cannizzaro,* 871 F.2d 809, 811 (9th Cir.1989)).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.