**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**George West MUNZ, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Perry G. Deluna, Defendant—**
**Appellant.**

**Nos. 06–50087, 06–50089.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2007.*

Filed Jan. 30, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James W. Spertus, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Donald C. Randolph, Esq., Randolph & Associates, Santa Monica, CA, for Defendant–Appellant.

Before: FISHER, CLIFTON, and SMITH, Circuit Judges.

MEMORANDUM **

George West Munz and Perry G. Deluna appeal the district court's denial of their 18 U.S.C. § 3663(e)(1) motion to offset restitution.[1] We affirm.

Defendants argue that the $2.6 million deficiency judgment that Rock Island Bank ("RIB") obtained against Alvin Steffien should be used to fully offset their restitution obligations. This argument is without merit. The deficiency judgment that RIB obtained against Steffien failed to "restore [RIB] to [its] prior state of well-being," *United States v. Cloud,* 921 F.2d 225, 226–27 (9th Cir.1990) (internal

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Munz and Deluna committed the underlying offenses prior to 1996, they may seek relief under the pre–1996 version of 18 U.S.C. § 3663. *See United States v. Baggett,* 125 F.3d 1319, 1322 (9th Cir.1997).

citation omitted), because there is no evidence that Steffien had, in fact, fully satisfied the deficiency judgment.

Defendants also argue that RIB received significant value from Steffien's deficiency judgment, because it conveyed the judgment to a third party as part of the consideration to obtain a release from liability for certain potential claims against the bank. It is not entirely clear on what basis the district court rejected that argument and denied the motion. We note two possibilities, but neither requires reversal of the order on appeal.

■ RIB disputed defendants' factual position, contending that the deficiency judgment had no such value and that any value received by RIB related to something different from the loss underlying the defendants' restitution orders. Namely, RIB contended that any value it received originated out of two promissory notes it had obtained from Steffien on his unrelated personal loans. RIB submitted a declaration from its attorney in support of its position. In rejecting defendants' argument for an offset of their restitution obligations, the district court may simply have believed RIB as to those facts. If so, this finding was not clearly erroneous, and we decline to disturb it. *See United States v. Lomow*, 266 F.3d 1013, 1020 (9th Cir. 2001).

■ Alternatively, the district court may have concluded that even if RIB had received value attributable to the loss for which defendants were responsible, that did not excuse defendants from their obligation. In *United States v. Cannizzaro*, 871 F.2d 809 (9th Cir.1989), we concluded that compensation subsequently received by the victim from a third party did not obviate a defendant's obligation to pay under the terms of a restitution order. Payment by a third party might justify a modification of the restitution order, to ensure that payment of restitution under the order is directed at the appropriate party, but it does not ordinarily mean that defendants' obligations are excused. *See id.* at 812. Even if this were the situation, though, that did not require the district court to grant defendants' motion. Defendants sought to avoid having to pay anyone under the terms of the restitution order; this they cannot do. If there is a question as to whether their payments should go to RIB or to some other party that has compensated RIB for the loss, that is an issue properly raised and dealt with by those parties, not defendants.

An exception to *Cannizzaro* potentially arises in cases where the third party paying the compensation is independently culpable to the victim for its loss. *See Lomow*, 266 F.3d at 1021–22 (holding that the district court erred in failing to offset defendant's restitution obligations against the civil damages that the victim had obtained from a third party, when that third party was independently liable to the victim for negligence). It is possible that the district court concluded that RIB had received reimbursement of some kind for the loss for which defendants were responsible, but that defendants failed to persuade the district court that this exception applied here. If so, that conclusion was not erroneous.

We note that our decision here does not preclude other appropriate parties from initiating proceedings to determine the proper recipient(s) of defendants' restitution payments. *See Cannizzaro*, 871 F.2d at 812.

**AFFIRMED.**