**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Allen Raymond JOHNSON,**
**Defendant—Appellant.**

No. 08–50268.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2009.*

Filed June 12, 2009.

Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Andrew Stolper, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

James D. Riddet, Esquire, Stokke & Riddet A Law Corporation, Santa Ana, CA, Charles M. Sevilla, Cleary & Sevilla, LLP, San Diego, CA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: KOZINSKI, Chief Judge, PREGERSON, Circuit Judge, and QUIST **, District Judge.

### MEMORANDUM ***

Johnson appeals the $2,515,560 restitution order imposed by the district court after he pleaded guilty to wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and money laundering in violation of 18 U.S.C. § 1956(h). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court did not abuse its broad discretion in ordering restitution in the amount of $2,515,560. *See* 18 U.S.C. § 3663A; *United States v. Berger*, 473 F.3d 1080, 1104 (9th Cir.2007). Defendant is required to pay restitution to "any person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2). Here, Johnson directly and proximately caused the losses in question and the district court's loss calculation accurately reflects the $2,515,560 in wirings Johnson sent to Mortgage Capital Resources ("MCR") after discovering that MCR was not funding the loans as required. Moreover, the district court did not apportion all of the victims' losses to Johnson, and limited the restitution order to reflect "the differences in culpability" between Johnson and his co-defendant.

Nor did the district court abuse its discretion by failing to consider Johnson's financial resources, as the record clearly reflects that the district court considered Johnson's financial resources, financial needs, and earning capacity before ordering restitution. *See United States v. Cannizzaro*, 871 F.2d 809, 810–11 (9th Cir.

1989); *United States v. King*, 257 F.3d 1013, 1028–29 (9th Cir.2001). There is also ample evidence to support the district court's conclusion that Johnson "may be able to pay the restitution in the amount ordered in the future." *King*, 257 F.3d at 1029.

Finally, the district court did not abuse its discretion by concluding that Johnson's malpractice insurance carrier, Lloyd's, was entitled to restitution. In this case, Johnson pleaded guilty to the exact conduct that gave rise to Lloyd's payment to Johnson's victims, and Johnson's malpractice insurance policy did not and could not cover intentional criminal conduct. *See* Cal. Ins.Code § 533.

AFFIRMED.

---

** The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

