**NOT FOR PUBLICATION**

DEC 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-56635 |
| Plaintiff - Appellee, | D.C. Nos. 8:10-cv-01641-JVS<br>8:05-cr-00036-JVS-2 |
| v. | |
| ALLEN RAYMOND JOHNSON, AKA<br>Seal B, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before:  SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

In 2005, Allen Johnson pleaded guilty to six counts of honest services wire

fraud, in violation of 18 U.S.C. §§ 1343 and 1346, and conspiracy to launder the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

proceeds of the honest services wire fraud, in violation of 18 U.S.C. § 1956(h).[1]

He appealed, but only as to the district court's restitution order. *See United States v. Johnson*, 338 F. App'x 561, 562 (9th Cir. 2009) (affirming restitution order). In 2010, Johnson filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the conduct to which he pleaded guilty no longer constitutes honest services fraud based on the Supreme Court's decision in *Skilling v. United States*, 561 U.S. 358 (2010). The district court determined that Johnson's *Skilling* claim was procedurally defaulted and denied the motion. We have jurisdiction under 28 U.S.C. § 1291 and 2253, and we affirm.

Johnson maintains that resolution of this appeal turns on whether he is "actually innocent" of honest services wire fraud. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the

_____

[1] The parties are familiar with the facts of the conviction, so we will not recount them here.

defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (citations and internal quotation marks omitted)).[2]

In *Skilling*, the Supreme Court limited the scope of the honest services fraud statute, 18 U.S.C. § 1346, to "bribery and kickback schemes." 561 U.S. at 404–09. There is no question that Johnson pleaded guilty to depriving a lender of its right to honest services by participating in a kickback scheme. Nonetheless, Johnson contends that he did not commit honest services fraud because he paid, as opposed to received, the kickbacks. But nothing in *Skilling* suggests the Supreme Court intended to draw a distinction between a fiduciary who deprives a victim of the right to honest services by receiving a bribe or kickback and a fiduciary who does the same by paying a bribe or kickback.[3]

Johnson points to a sentence in *Skilling* where the Supreme Court described the core honest services fraud offense as involving "fraudulent schemes to deprive

---

[2] In his briefing, Johnson argued that his *Skilling* claim is not subject to the procedural default bar because it implicates the district court's subject matter jurisdiction. But even if Johnson were correct that a claim that an indictment fails to charge a valid federal offense is jurisdictional, in this case we have jurisdiction and Johnson is not entitled to relief because the indictment states and Johnson pleaded guilty to a valid honest services fraud offense.

[3] Also, we observe that Johnson's conduct may be characterized as receiving a bribe in the form of referrals, particularly since the net result of the scheme was that Johnson received a portion of the closing fees without actually conducting the closings.

another of honest services through bribes or kickbacks supplied by a third party who had not been deceived." *Id.* at 404. He overlooks that elsewhere the Court described the core offense much more broadly, to include "offenders who, in violation of a fiduciary duty, *participated in* bribery or kickback schemes." *Id.* at 407 (emphasis added); *see also id.* at 413 ("A criminal defendant who *participated in* a bribery or kickback scheme, in short, cannot tenably complain about prosecution under § 1346 on vagueness grounds." (emphasis added)). Because Johnson pleaded guilty to participating in a kickback scheme in violation of his fiduciary duty, he is not actually innocent of honest services fraud.

**AFFIRMED.**