Charles Farrell **MALONE**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 74–1383.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1974.

Peter E. Sheehan (argued), of American Civil Liberties Union, San Francisco, Cal., for petitioner-appellant.

John D. O'Connor, Asst. U. S. Atty. (argued), San Francisco, Cal., for respondent-appellee.

OPINION

Before BARNES and KOELSCH, Circuit Judges, and CRARY,* District Judge.

CRARY, District Judge:

On February 23, 1973, the appellant was sentenced to a term of one year imprisonment and fined $1,000 for violation of Title 22, U.S.C. § 1934(c) (unlawful exportation of firearms from the United States to the United Kingdom). Execution of the sentence as to confinement was suspended and the appellant was placed on probation for a period of two years on the following terms and conditions:

"1. That he obey all local, state and federal laws;

2. That he comply with the rules and regulations of the Probation Office;

3. That he not participate in any American Irish Republican movement;

4. That he belong to no Irish organizations, cultural or otherwise;

5. That he not belong or participate in any Irish Catholic organizations or groups;

6. That he not visit any Irish pubs;

7. That he accept no employment that directly or indirectly associates him with any Irish organization or movement;

8. That he pay the fine provided for in this judgment in installments arranged through the Probation Office."

On October 15, 1973, the appellant filed a petition, amended October 31,

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

1973, under Section 2255, Title 28, U.S.C., seeking discharge from the conditions of probation numbered three through seven, on the grounds the Court abused its discretion in imposing said conditions in that said conditions violate appellant's rights under the First Amendment of the Constitution of the United States.

The District Court determined that there was "tremendous emotional involvement" on the part of the appellant in the Irish Republican movement. At the sentencing hearing, appellant's counsel stated:

"In considering the probation report there was no profit motive on the part of Mr. Malone. *Mr. Malone's motive was something far deeper, emotional from his childhood background and training.* It was a mistake, a mistake Mr. Malone admits was something he shouldn't have done * * *. What motivated Mr. Malone is something very deep in his background and something in his childhood, something he learned at his father's knee. It wasn't done with malice and wasn't done for the motive of profit. It was done for what he feels was a noble cause." [Emphasis added.]

■ The courts strive to protect freedom of speech, religion and racial equality, but freedom of association may be restricted if reasonably necessary to accomplish the essential needs of the state and public order. Birzon v. King, 469 F.2d 1241 at 1242–1243 (2nd Cir. 1972).

In Porth v. Templar, 453 F.2d 330 at 334 (10th Cir. 1971), the Court observed that the trial court had the power to restrict the probationer's association with " * * * groups that would palpably encourage him to repeat his criminal conduct. See United States v. Smith, 414 F.2d 630, 636 (5th Cir. 1969)."

The question is, has the Court abused its discretion and acted unreasonably in its effort to prevent the appellant from activities or participation in or contact with groups or organizations that might fan his emotions or in any way cause his mind to dwell on subjects or activities which would conceivably encourage him to commit criminal acts of the nature here involved?

■ Great discretion is allowed a court in setting conditions of probation. As stated by the Court in United States v. Smith, 414 F.2d 630, 636 (5th Cir. 1969):

"18 U.S.C.A. § 3651 (1964) authorizes the trial court to place a criminal defendant on probation 'for such period and upon such terms and conditions as the court deems best.' Congress obviously intended by means of the broad statutory language to invest the court with *great discretion* to establish conditions which would lead to the defendant's ultimate acceptance by society * * *" [Emphasis added.]

To like effect, People v. Mason, 5 Cal.3d 759, 764, 97 Cal.Rptr. 302, 304, 488 P.2d 630, Supreme Court of Calif., 1971; and Birzon v. King, supra. Appellant urges that the *Smith* case, supra, was reversed "sub nom." Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970). A reading of the opinion in that case discloses that conditions of probation were not involved.

The conditions here involved are not intended to infer that *each member* of a group or organization with which the appellant is forbidden to associate will necessarily lead him into criminal activities or be a bad influence. It is the incidental association with one or more who might lead him to future criminality that the Court seeks to prevent. If the trial Judge could only prohibit active association with a group having an illegal purpose then the Court would be, in effect, restricted to the standard condition that the probationer obey the law. It does not appear such limitation was intended. Here the crime stemmed from high emotional involvement with Irish Republic sympathizers.

■ There is reasonable nexus between the probation conditions and the goals of probation. A convicted criminal may be reasonably restricted as part

of his sentence with respect to his associations in order to prevent his future criminality. Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225, 239.

The Court concludes that the conditions of probation numbered three through seven are not too vague and are reasonably related to the goals of probation and the accomplishment of public order and safety and that they do not constitute an abuse of the Court's discretion in the circumstances.

The order of the District Court denying appellant's petition for relief under Section 2255 is affirmed.