39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard B. NICHOLLS, Defendant-Appellant.
 No. 94-50012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard B. Nicholls appeals the restitution and probation components of his pre-Guidelines sentence imposed following entry of a guilty plea to three counts of mail and wire fraud in violation of 18 U.S.C. Secs. 1341 and 1343. Nicholls contends that (1) the district court imposed the restitution amount without requiring the government to prove, by a preponderance of the evidence, the loss sustained by the victim and (2) the terms of probation restraining his future employment were impermissibly broad. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, vacate in part, and remand.
 
 STANDARD OF REVIEW
 
 3
 We review the legality of a sentence de novo. United States v. Barany, 884 F.2d 1255, 1259 (9th Cir.1989) (citing United States v. Youpee, 836 F.2d 1181, 1182 (9th Cir.1988)), cert. denied, 493 U.S. 1034 (1990). We review for abuse of discretion a restitution order within the statutory limits. Id. We also review for an abuse of discretion the district court's imposition of probation conditions. United States v. Malone, 502 F.2d 554, 557 (9th Cir.1974), cert. denied, 419 U.S. 1124 (1975).
 
 RESTITUTION AMOUNT
 
 4
 Nicholls challenges the amount of restitution ordered by the district court. Specifically, he argues that the district court erred in imposing the restitution without the government first proving, by a preponderance of the evidence, the amount of loss sustained by the victim.
 
 
 5
 The Victim and Witness Protection Act provides that a "defendant convicted of an offense" may be required to "make restitution to any victim of such offense." 18 U.S.C. Sec. 3663(a)(1). In seeking restitution, the government bears the burden to demonstrate, " 'by a preponderance of the evidence, the amount of loss sustained by a victim.' " United States v. Angelica, 951 F.2d 1007, 1010 (9th Cir.1991) (quoting United States v. Angelica, 859 F.2d 1390, 1394 (9th Cir.1988)). Further, the amount of restitution is "limited by the amount actually lost by the victims." Barany, 884 F.2d at 1260 (quotations omitted); see also United States v. Cannizzaro, 871 F.2d 809, 812 (9th Cir.) (any amount for which the victim has otherwise been compensated shall be deducted), cert. denied, 493 U.S. 895 (1989).
 
 
 6
 The presentence report added the victim's loss in numerous transactions, deducted compensation already received by the victim, and concluded that the loss suffered by the victim was $61,366.77. Nicholls objected to the presentence report's calculation, arguing that the victim's loss in all but one transaction had been recovered or compensated.[1] With documentary evidence, the government refuted defendant's argument. The district court ordered Nicholls to pay restitution in the amount of $61,366.77, apparently persuaded by the government's argument and the presentence report.
 
 
 7
 However, as the government concedes, the restitution amount ordered by the district court did not reflect the actual loss of the victim and exceeded the statutory limits. See Barany, 884 F.2d at 1260. Particularly, the district court failed to consider the extent to which the victim has already been compensated for its loss. See 18 U.S.C. Sec. 3663(e)(1); Cannizzaro, 871 F.2d at 812. Accordingly, we vacate the district court's restitution component of the sentence and remand the case to the district court to reconsider the restitution amount. See Barany, 884 F.2d at 1260; Cannizzaro, 871 F.2d at 812.
 
 PROBATION CONDITIONS
 
 8
 The district court can place a defendant on probation "upon terms and conditions as the court deems best." 18 U.S.C. Sec. 3651 (repealed Nov. 1, 1987).[2] There is no abuse of discretion if the probation terms and conditions serve permissible purposes, such as rehabilitation of the offender and protection of the public, and are reasonably related to the purposes. United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1988). Further, we have upheld probation conditions restraining a probationer from engaging in his former business or activities. See Malone, 502 F.2d at 556-57 (probation condition prohibiting the probationer from associating with former groups or organizations is reasonably related to prevention of future criminality); Whaley v. United States, 324 F.2d 356, 359 (9th Cir.1963) (a condition prohibiting defendant from occupational activity in which he was engaged when he committed the offense of which he was convicted is reasonable), cert. denied, 376 U.S. 911 (1964).
 
 
 9
 Nicholls challenges the special probation conditions requiring that he refrain from being employed (1) in any capacity providing him with access to or control over his employer's funds or (2) in any capacity "relating to the manufacture or sales of equipment used in the oil drilling or other oil production related ventures and businesses." In light of Nicholls' prior criminal history[3] and his engagement in substituting and selling non-genuine oil equipment as name-brand product and soliciting third parties to manufacture substitute parts,[4] the district court could have concluded that Nicholls was more likely to relapse into crime if he returned to his prior occupation and environment. See Malone, 502 F.2d at 556-57; Whaley, 324 F.2d at 359. Since the probation conditions were reasonably related to the permissible end of rehabilitation, the district court acted within its discretion in imposing them. See Terrigno, 838 F.2d at 374.
 
 
 10
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nicholls argues that since the victim did not return some of the substituted products, no loss was actually suffered by the victim in those transactions
 
 
 [2]
 18 U.S.C. Sec. 3651 applies here because Nicholls' crime was committed prior to November 1, 1987
 
 
 [3]
 Nicholls was once convicted of grand theft of his employer's funds
 
 
 [4]
 Nicholls started his unlawful activities while he was employed as a manager at a retail supplier of oilfield equipment and eventually developed a complex and multi-faceted fraudulent scheme