NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30127 |
| Plaintiff–Appellee, | D.C. No. 1:15-CR-00407-MC-1 |
| v. | |
| KENNETH W. MEDENBACH, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted on June 8, 2018
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

Kenneth Medenbach was convicted of two misdemeanors, illegal occupancy and camping on federal lands. He was sentenced to five years' probation with standard and special conditions, including Standard Condition #6, prohibiting him

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

from traveling outside the District of Oregon without permission of his probation officer. Medenbach violated this condition. At the hearing on the violation, the U.S. Attorney asked for modifications to other special probation conditions, two of which the district judge granted. Specifically, Medenbach was directed to address correspondence to federal land agencies to particular agents, and he was prohibited from entering or camping on federal lands—including agency parking lots and offices—without permission. Medenbach now appeals these modifications and the judge's refusal to modify Standard Condition #6. He also filed a separate appeal from the judgment of conviction in *United States v. Medenbach*, No. 16-30189, which we affirm in a separate memorandum disposition filed today.

We review probation conditions for abuse of discretion. *Malone v. United States*, 502 F.2d 554, 557 (9th Cir. 1974). District courts have "broad discretion" to fashion probation conditions, *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988), provided that the conditions "involve only such deprivations of liberty or property as are reasonably necessary" to effect the purposes of 18 U.S.C. § 3553(a)(2), 18 U.S.C. § 3563(b). This discretion includes "wide latitude" to restrict even fundamental rights. *United States v. Blinkinsop*, 606 F.3d 1110, 1118–19 (9th Cir. 2010).

1. The district court did not abuse its discretion in imposing the standard condition prohibiting travel outside the district without permission. Under 18

2

U.S.C. § 3563(b)(14), the court may require that the defendant "remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer." The Administrative Office of the U.S. Courts specifically recommends the inclusion of this requirement as a standard condition of probation and supervised release for several compelling reasons. Administrative Office of U.S. Courts, Overview of Probation and Supervised Release Conditions 13 (2016). These include allowing "the probation officer to supervise the defendant by setting boundaries for travel without permission and by keeping the probation officer informed of the defendant's whereabouts." *Id.* at 19. Probation officers are advised to implement this condition by conducting a risk assessment of the defendant's proposed travel, thereby determining "whether the defendant is in compliance with conditions of supervision . . . and assess whether travel would disrupt defendant needs." *Id.* at 21. Standard Condition #6 is entirely reasonable, and its imposition here was not an abuse of discretion. Moreover, Medenbach has never been denied permission to travel when he has asked his supervising probation officer, and the judge stated that he would personally review any denial of Medenbach's travel requests.

2. Nor did the district court impermissibly infringe Medenbach's First Amendment rights when it required that he address his petitions to specific individuals at the Bureau of Land Management and the U.S. Forest Service.

3

Medenbach had sent a letter to three BLM offices threatening to "raise up a well regulated militia" if the government did not "'cease and desist' all activity in Grant County." This could reasonably worry employees. And he has made similar comments to federal officials in the past—including references to the standoffs at Ruby Ridge and Waco—which this Court has found intimidating. *See United States v. Medenbach*, 116 F.3d 487 (9th Cir. 1997) (unpublished). It was therefore not an abuse of discretion to ensure that, while preserving Medenbach's fundamental right to petition the government, only those officials familiar with Medenbach would receive his letters, so as not to cause concern among other federal officials.

3. Finally, we uphold the modification of the condition prohibiting Medenbach from entering federal lands—including offices and parking lots— managed by the BLM and other specific federal agencies without prior approval of the probation officer. As with its findings regarding Medenbach's letters, the district court imposed a condition "reasonably related" to Medenbach's behavior— a decades-long history of unlawful protests of federal land-management agencies.

**AFFIRMED.**