
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36867-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISAAC SHANE SPRAUER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Isaac Sprauer appeals the exceptional sentence imposed for his conviction of second degree domestic violence (DV) assault and challenges community custody and legal financial obligation (LFO) terms of his judgment and sentence. The State concedes some error. We remand for resentencing.

FACTS AND PROCEDURAL BACKGROUND

Following an assault by strangulation of his former girlfriend and a scuffle with her adult son, Isaac Sprauer was charged with second degree DV assault and fourth degree assault. The charges were later amended to increase the charge for assaulting the girlfriend to first degree DV assault.

The defense challenged Mr. Sprauer's competency to stand trial. An evaluation at Eastern State Hospital concluded he was competent, while a defense evaluation of his competency and possible diminished capacity concluded he was not competent, and that

competency restoration was unlikely.  After hearing testimony from both experts, the trial court issued a decision finding Mr. Sprauer competent, saying "[a]lthough this Court believes that the Defendant has some mental health issues, most likely as a result of or contributed to by methamphetamine use, there is a difference between having mental health issues and competency to stand trial."  Clerk's Papers (CP) at 22.

The charges proceeded to a two-day jury trial.  The jury found Mr. Sprauer guilty of the lesser included charge of second degree assault of his former girlfriend and acquitted him of the charge of fourth degree assault of her son.  It made a special finding that Mr. Sprauer and his former girlfriend had been members of the same family.

At sentencing, the State announced for the first time that it was requesting an exceptional sentence.  It pointed out that Mr. Sprauer had a history of third and fourth degree assaults and harassment, but because he had been crime-free for five years, the crimes had washed out.  With an offender score of zero, his standard range would be three to nine months, which the State argued was clearly too lenient.  The trial court continued the sentencing so that the lawyers could review whether an exceptional sentence on the ground requested would be permitted under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), a concern raised by the defense.

At the continued hearing, defense counsel continued to oppose an exceptional sentence but said he no longer had *Blakely* concerns because the aggravator related to the offender score, not a factual dispute.  The defense also opposed a mental health

2

evaluation of Mr. Sprauer being requested by the State. Defense counsel informed the court that Mr. Sprauer claimed he never wanted to assert incompetency or diminished capacity, both of which had been his former lawyer's "trial strategy." Report of Proceedings (RP) at 472.

The court imposed an exceptional sentence of 30 months and 18 months of supervision, entering a finding that "unscored misdemeanors and washed felonies of an assaultive and harassing nature" resulted in a sentence that was "clearly too lenient." CP at 72. The terms of community supervision imposed included undergoing a mental health evaluation and complying with recommended treatment, and not associating or having contact with felons except as approved by the Department of Corrections. As for costs, the court told Mr. Sprauer it was "going to waive . . . legal/financial obligations other than the mandatory $500 victim assessment fee" for the reason that it did not want him "tangled up in financial obligations that will make it harder for you to do what you need to do in terms of [the] mental health evaluation, mental health treatment, [those] kinds of things." RP at 485-86. The judgment and sentence form included requirements that Mr. Sprauer "pay supervision fees as determined by DOC," "an annual assessment of $100.00 for collection services," and imposed interest on the LFOs. CP at 66, 68 (boldface omitted).

Mr. Sprauer appeals.

3

No. 36867-0-III
*State v. Sprauer*

## ANALYSIS

Three of the errors assigned by Mr. Sprauer are conceded by the State. We address those briefly before turning to the one contested issue.

*Resentencing is required within the standard range*

Mr. Sprauer argues that the trial court committed *Blakely* error by basing an exceptional aggravated sentence on judicial fact finding. Alternatively, if the error was invited when defense counsel withdrew his *Blakely* objection, he claims ineffective assistance of counsel.

Following the United States Supreme Court's 2004 decision in *Blakely*, the Washington Supreme Court and the legislature proceeded on parallel tracks to address its impact on the exceptional sentencing provisions of the Sentencing Reform Act of 1981, chapter 9.94A RCW. On April 12 and 14, 2005, the state house and senate, respectively, voted to amend former RCW 9.94A.530 and 9.94A.535. LAWS OF 2005, ch. 68, § 1. The changes to RCW 9.94A.535 segregated aggravating factors that must be determined by a jury from the four that bill proponents believed could still be considered and imposed by the court. RCW 9.94A.535(2), (3). Among those that proponents believed could still be considered and imposed by courts were aggravators applicable when unscored prior offenses "result[ed] in a presumptive sentence that is clearly too lenient." RCW 9.94A.535(2)(b), (d).

4

No. 36867-0-III
*State v. Sprauer*

On the same day the house approved the changes, however, the Washington Supreme Court held that the conclusion that a presumptive sentence "is clearly too lenient" is "one that must be made by the jury." *State v. Hughes*, 154 Wn.2d 118, 137, 110 P.3d 192 (2005), *overruled on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). This was because earlier decisions of the court required courts to find one of two factual bases to support the "too lenient" conclusion: either the "'(1) "egregious effects" of defendant's multiple offenses [or] (2) the level of defendant's culpability resulting from the multiple offenses.'" *Id.* (alteration in original) (quoting *State v. Batista*, 116 Wn.2d 777, 787-88, 808 P.2d 1141 (1991)).

The court held in *Hughes* that statutory provisions that allow courts to consider and impose fact-dependent aggravators are not *facially* unconstitutional, because under *Blakely* there is at least one way they can be applied constitutionally: an aggravator need not be found by a jury if a defendant consents to judicial fact finding. 154 Wn.2d at 133-34. In the 15 years since *Hughes* was decided, the legislature has not seen fit to amend RCW 9.94A.535 to move the aggravators requiring a "clearly too lenient" finding from RCW 9.94A.535(2) (considered by the court) to RCW 9.94A.535(3) (considered by the jury). As a result, and as happened in this case, lawyers and judges reading the statute and not having *Hughes* in mind would assume that the aggravator found by the court in Mr. Sprauer's case could be imposed without a jury finding.

5

We accept the State's concession that Mr. Sprauer must be sentenced within the standard range. We forgo analysis of whether this is a case of invited error and ineffective assistance of counsel.[1]

*Mental health evaluation*

RCW 9.94B.080 authorizes sentencing courts to order an offender under community supervision to undergo a mental status evaluation and treatment, but only if it finds that "reasonable grounds exist to believe that the offender is a mentally ill person as defined in RCW 71.24.025, and that this condition is likely to have influenced the offense." With respect to adults, "mentally ill person" means a person who is "[a]cutely mentally ill," "[c]hronically mentally ill," or "[s]eriously disturbed," as those terms are further defined in RCW 71.24.025(1), (10) and (39).

The State concedes the trial court did not make the findings required by RCW 9.94B.080 before ordering Mr. Sprauer to obtain a mental health evaluation and comply with recommended treatment. We accept the State's concession. The condition may be re-imposed only if supported by the required findings.

*Costs and interest*

---

[1] We also decline to address Mr. Sprauer's contention that the State was required to give notice of its intent to seek the exceptional sentence before trial. Where the trial court could not constitutionally impose an exceptional sentence under RCW 9.94A.535(2)(d) on these facts nor can it impanel a jury to consider a subsection (2) aggravating circumstance (*see* RCW 9.94A.537(2)), whether notice was required before trial is moot.

6

Mr. Sprauer contends that reference in the judgment and sentence form to costs not intended to be imposed by the court are clerical errors or, if not clerical errors, they were improperly imposed in light of his indigence and the trial court's failure to inquire into his ability to pay. The State agrees that the only cost imposed was the crime victim compensation assessment.

On this score, we will simply direct the trial court to note Mr. Sprauer's objections at resentencing.

*First Amendment challenge to community custody condition prohibiting association with felons*

Finally, Mr. Sprauer contends for the first time on appeal that the condition prohibiting association with felons must be struck because it is not crime related, violates the First Amendment to the United States Constitution, and is vague. The statutory authority for the restriction is RCW 9.94A.703(3)(b), which permits the court to order the defendant to have no contact with "a specified class of individuals."

For an objection to a community custody condition to be entitled to review for the first time on appeal, it must (1) be manifest constitutional error or a sentencing condition that is illegal or erroneous as a matter of law, and (2) it must be ripe. If it is ineligible for review for one reason, we need not consider the other. *State v. Peters*, 10 Wn. App. 2d 574, 583, 455 P.3d 141 (2019).

7

We will not consider the argument that the sentencing condition is not crime related. *See* RAP 2.5(a). Mr. Sprauer had the opportunity to raise that contention in the trial court and create a record, but failed to do so. *Peters*, 10 Wn. App. 2d at 591 (citing *State v. Casimiro*, 8 Wn. App. 2d 245, 249, 438 P.3d 137, *review denied*, 193 Wn.2d 1029, 445 P.3d 561 (2019)).

In arguing that the condition is vague, Mr. Sprauer points to this court's unpublished decision last year in *State v. Knott*[2] as persuasive authority for requiring the condition to be modified to refer to persons "whom defendant knows to have a felony conviction." Br. of Appellant at 36 (emphasis omitted). The court reasoned in *Knott* that "associate" and "have contact" are not vague terms "provided the object of the association and contact is known." *Knott*, slip op. at 13. The State does not object to modifying the condition to make it clear that it prohibits only Mr. Sprauer's contact with persons known to him to have felony convictions.

Mr. Sprauer's First Amendment challenge is that the condition impinges upon his right to enter into and maintain human relationships and, as our Supreme Court held in *State v. Riley*, restricting an offender's association with a specified class of individuals must be "'reasonably necessary to accomplish the essential needs of the state and public

---

[2] No. 35546-2-III, slip op. at 14 (Wash. Ct. App. Mar. 28, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/355462_unp.pdf. Unpublished decisions have no precedential value, are not binding on any court, and may be cited by parties only for such persuasive value as the court deems appropriate. *See* GR 14.1.

order.'"  121 Wn.2d 22, 37-38, 846 P.2d 1365 (1993) (quoting *Malone v. United States*, 502 F.2d 554, 556 (9th Cir. 1974)).  In *Riley*, the defendant, who had been convicted of computer trespass, was restricted from associating with computer hackers.  In upholding the condition, the Supreme Court stated: "The prohibition . . . is punitive and helps prevent Riley from further criminal conduct for the duration of his sentence."  *Id.* at 38. The Tenth Circuit Court of Appeals cited similar reasons for rejecting a First Amendment challenge to a condition prohibiting association with felons, stating that keeping the defendant away from other convicted felons "is a sensible way to reduce the risk of recidivism, which is a legitimate purpose of supervised release even if the condition encroaches on a constitutionally protected interest." *United States v. Munoz*, 812 F.3d 809, 820 (10th Cir. 2016).

This is not a case where Mr. Sprauer presented a competing interest in associating with a felon who is, e.g., a life partner.  In such a case, the Ninth Circuit Court of Appeals has said that a court "must undertake an individualized review of that person and the relationship at issue, and must provide a justification for the imposition of such an intrusive prohibitory condition." *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010); *and see In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 377, 229 P.3d 686 (2010) (requiring that no-contact order restricting contact with a child must be sensitively imposed).  Absent such a competing interest, however, the goal of preventing an offender from further criminal conduct for the duration of his sentence, recognized in *Riley*,

9

suffices. As the Ninth Circuit Court pointed out in *Napulou*, a condition of supervised release that prohibits association with convicted felons without the permission of a probation officer was then a standard condition recommended by the Sentencing Commission. 593 F.3d at 1047 (citing U.S. SENTENCING COMM'N, U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(c)(9) (2008)).[3]

We remand for resentencing within the standard range, with any requirement for a mental health evaluation to be supported by the findings required by RCW 9.94B.080, and with directions to the trial court to modify the supervision condition dealing with persons with felony convictions to refer, instead, to persons "whom defendant knows to have a felony conviction."

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____                          _____
Lawrence-Berrey, J.                                Fearing, J.

---

[3] *See* https://www.ussc.gov/sites/default /files/pdf/guidelines-manual/2008/manual /GL2008.pdf [https://perma.cc/9MA2-6J5Z].

10